RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

ROCHELLE L. RUSSELL (CA Bar No. 244992)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel:     (202) 514-1950
Fax:     (202) 514-8865
Email: rochelle.russell@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association, and NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI, in his official capacity as Regional Administrator for Region IX of the United States Environmental Protection Agency, <br><br> Defendants. | No. CV 08-00227 SC <br><br> **ANSWER** |

GENERAL DENIAL

Except as expressly admitted herein, Defendants United States Environmental Protection Agency; Stephen L. Johnson, in his official capacity as Administrator of the United States Environmental Protection Agency; and Wayne Nastri, in his official capacity as Regional Administrator for Region IX of the United States Environmental Protection Agency (collectively, "EPA"), deny each and every allegation in Plaintiffs' Complaint for Declaratory and Injunctive Relief, Docket Entry #1 ("Complaint"). To the extent that any allegation contained in the Complaint remains unanswered, Defendants deny such allegations.

INTRODUCTION

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore deny the same.

2.     Paragraph 2 consists of Plaintiffs' characterization of their lawsuit and therefore no response is required.

3.     Paragraph 3 consists of conclusions of law to which no response is required.

4.     Paragraph 4 consists of conclusions of law to which no response is required.

5.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 and therefore deny the same.

6.     Defendants aver that EPA has not taken action pursuant to section 110(k) of the Clean Air Act ("CAA"), 42 U.S.C. § 7410(k), on the 2003 State and Federal Strategy for the California State Implementation Plan to attain the 1-hour ozone and PM-10 NAAQS, the 2004 San Joaquin Valley Extreme Ozone Attainment Demonstration Plan and portions of the 2003 Air Quality Management Plan for the South Coast Air Quality Management District. Defendants deny the remaining allegations in paragraph 6.

JURISDICTION

7.     Paragraph 7 consists of conclusions of law to which no response is required.

8.     Paragraph 8 consists of conclusions of law to which no response is required.

9.     With respect to the first two sentences of paragraph 9, Defendants admit that Brent Newell, counsel for Plaintiff AIR, and Adrian Martinez, counsel for NRDC, sent a letter

1  dated October 9, 2007 to Defendants Stephen L. Johnson, Administrator, EPA, and Wayne

2  Nastri, Regional Administrator, Region IX, EPA (Exhibit 1 to the Complaint); that letter is the

3  best evidence of its contents and therefore no further response is required.  With respect to the

4  third sentence of paragraph 9, EPA admits that more than 60 days have elapsed since October 9,

5  2007.  The remainder of the first and third sentences in paragraph 9 consist of conclusions of law

6  to which no response is required.

7                                              VENUE

8         10.    With respect to the allegations in paragraph 10, Defendants admit that the office

9  of the Regional Administrator of EPA, Region IX, is located in San Francisco County.  The

10 remaining allegations in paragraph 10 consist of conclusions of law to which no response is

11 required.

12                              INTRADISTRICT ASSIGNMENT

13        11.    Paragraph 11 consists of conclusions of law to which no response is required.

14                                            PARTIES

15        12.    Defendants are without knowledge or information sufficient to form a belief as to

16 the truth of the allegations in paragraph 12 and therefore deny the same.

17        13.    Defendants are without knowledge or information sufficient to form a belief as to

18 the truth of the allegations in paragraph 13 and therefore deny the same.

19        14.    Paragraph 14 consists of conclusions of law to which no response is required.

20        15.    Defendants are without knowledge or information sufficient to form a belief as to

21 the truth of the allegations in paragraph 15 and therefore deny the same.

22        16.    Paragraph 16 consists of conclusions of law to which no response is required.

23        17.    Paragraph 17 consists of conclusions of law to which no response is required.

24        18.    With respect to the first sentence of paragraph 18, Defendants admit that EPA is a

25 federal agency.  The remaining allegations in this paragraph consist of conclusions of law to

26 which no response is required.

27        19.    Defendants admit that Stephen L. Johnson is the Administrator of the EPA.  The

28 remaining allegations in the first sentence of paragraph 19 consist of Plaintiffs' characterization

of their lawsuit and therefore no response is required.  The allegations in the second sentence of paragraph 19 consist of conclusions of law to which no response is required.

20.    With respect to the allegations in the first sentence of paragraph 20, Defendants admit that Wayne Nastri is the Regional Administrator of the EPA for Region IX.  The remaining allegations in the first sentence consist of Plaintiffs' characterization of their lawsuit and therefore no response is required.  The allegations in the second sentence of paragraph 20 consist of conclusions of law to which no response is required.

STATUTORY FRAMEWORK

21.    The first, fifth and seventh sentences of paragraph 21 consist of conclusions of law to which no response is required.  The second, sixth and eighth sentences consist of citations to the United States Code to which no response is required.  Defendants admit the allegations in the third sentence.  The fourth sentence consists of a citation to the Code of Federal regulations to which no response is required.

22.    Defendants admit the allegations in the first sentence of paragraph 22.  The second sentence consists of a citation to the Code of Federal regulations to which no response is required.

23.    Defendants admit the allegations in the first sentence of paragraph 23.  The second sentence consists of a citation to the Code of Federal regulations to which no response is required.

24.    With respect to the first sentence of paragraph 24, Defendants admit that EPA promulgated a final rule entitled "Final Rule to Implement the 8-Hour Ozone National Ambient Air Quality Standard – Phase 1" at 69 Fed. Reg. 23,951 (April 30, 2004); that final rule is the best evidence of its contents and therefore no further response is required.  The second sentence consists of conclusions of law to which no response is required.  The third sentence consists of a citation to the Federal Register to which no response is required; however, Defendants aver that the correct date for the citation is April 30, 2004.  With respect to the fourth and fifth sentences, Defendants admit that the U.S. Court of Appeals for the District of Columbia Circuit issued *South Coast Air Quality Management District v. EPA*, 472 F.3d 882 (D.C. Cir. 2006); that

opinion is the best evidence of its contents and therefore no further response is required.

25.    With respect to the allegations in the first sentence of paragraph 25, Defendants admit that EPA promulgated a 24-hour and annual NAAQS for PM-10 which it codified at 40 C.F.R. § 50.6(a) and (b) and that it has revoked the annual PM-10 standard. The second sentence consists of a citation to the Federal Register to which no response is required.

26.    The first, second, fourth and sixth sentences of paragraph 26 consist of conclusions of law to which no response is required. The third, fifth and seventh sentences consist of citations to the United States Code to which no response is required.

27.    The first, third and fifth sentences of paragraph 27 consist of conclusions of law to which no response is required. The second, fourth and sixth sentences consist of citations to the United States Code to which no response is required.

28.    The first sentence of paragraph 28 consists of conclusions of law to which no response is required. The second sentence consists of a citation to the United States Code to which no response is required.

29.    The first, third and fifth sentences of paragraph 29 consist of conclusions of law to which no response is required. The second, fourth and sixth sentences consist of citations to the United States Code to which no response is required.

30.    The first sentence of paragraph 30 consists of conclusions of law to which no response is required. The second sentence consists of citations to the United States Code to which no response is required.

31.    The first sentence of paragraph 31 consists of conclusions of law to which no response is required. The second sentence consists of a citation to the United States Code to which no response is required.

FACTUAL BACKGROUND

32.    Defendants admit the allegations in paragraph 32.

33.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny the same.

34.    Defendants are without knowledge or information sufficient to form a belief as to

1    the truth of the allegations in paragraph 34 and therefore deny the same.

2        35.    With respect to the allegations in the first and second sentences in paragraph 35,

3    the "2003 State and Federal Strategy for the California State Implementation Plan" ("2003 State

4    SIP") is the best evidence of its contents and therefore no further response is required.

5    Defendants admit the allegations in the third sentence of this paragraph.

6        36.    With respect to the allegations in the first sentence in paragraph 36, the "2004 San

7    Joaquin Valley Extreme Ozone Attainment Demonstration Plan" is the best evidence of its

8    contents and therefore no further response is required.  Defendants admit the second sentence of

9    this paragraph.  With respect to the allegations in the third sentence, Defendants admit that the

10   California Air Resources Board ("ARB") approved the "2004 San Joaquin Valley Extreme

11   Ozone Attainment Demonstration Plan" ("2004 Valley SIP"), excluding chapter 8, as a revision

12   to the California SIP on October 28, 2004.  Defendants deny the remaining allegations in the

13   third sentence of this paragraph.

14       37.    With respect to the allegations in the first and second sentences in paragraph 37,

15   the "2003 Air Quality Management Plan for the South Coast Air Quality Management District"

16   ("2003 South Coast SIP") is the best evidence of its contents and therefore no further response is

17   required.  Defendants admit the allegations in the third and fourth sentences of this paragraph.

18                                  FIRST CAUSE OF ACTION

19       38.    In response to the allegations in paragraph 38, Defendants incorporate paragraphs

20   1 through 37 above.

21       39.    Defendants admit the allegations in paragraph 39 and further aver that ARB

22   submitted the 2003 State SIP to EPA by letter from Catherine Witherspoon, ARB, to Wayne

23   Nastri, EPA, dated January 9, 2004.

24       40.    Defendants admit the allegations in paragraph 40.

25       41.    The first, third and fifth sentences of paragraph 41 consist of conclusions of law to

26   which no response is required.  The second and fourth sentences consist of citations to the United

27   States Code to which no response is required.

28       42.    With respect to paragraph 42, Defendants aver that EPA has taken no action on

the 2003 State SIP pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), but deny the remaining allegations in the paragraph.

43.    Paragraph 43 consists of conclusions of law to which no response is required.

44.    The first and third sentences of paragraph 44 consist of conclusions of law to which no response is required.  The second sentence consists of a citation to the United States Code to which no response is required.

SECOND CAUSE OF ACTION

45.    In response to the allegations in paragraph 45, Defendants incorporate paragraphs 1 through 44 above.

46.    With respect to the allegations in paragraph 46, Defendants admit and further aver that ARB submitted the 2004 Valley SIP to EPA by letter from Catherine Witherspoon, ARB, to Wayne Nastri, EPA, dated November 15, 2004.

47.    Defendants admit the allegations in paragraph 47.

48.    The first, third and fifth sentences of paragraph 48 consist of conclusions of law to which no response is required.  The second and fourth sentences consist of citations to the United States Code to which no response is required.

49.    With respect to the allegations in paragraph 49, Defendants aver that EPA has taken no action on the 2004 Valley SIP pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), but deny the remaining allegations in this paragraph.

50.    Paragraph 50 consists of conclusions of law to which no response is required.

51.    The first and third sentences of paragraph 51 consist of conclusions of law to which no response is required.  The second sentence consists of a citation to the United States Code to which no response is required.

THIRD CAUSE OF ACTION

52.    In response to the allegations in paragraph 52,  Defendants incorporate paragraphs 1 through 51 above.

53.    With respect to the allegations in paragraph 53, Defendants admit and further aver that ARB submitted the 2003 South Coast SIP to EPA by letter from Catherine Witherspoon,

1    ARB, to Wayne Nastri, EPA, dated January 9, 2004.

2          54.    Defendants admit the allegations in paragraph 54.

3          55.    Defendants admit the allegations in paragraph 55.

4          56.    The first and third sentences of paragraph 56 consist of conclusions of law to

5    which no response is required.  The second sentence consists of a citation to the United States

6    Code to which no response is required.

7          57.    With respect to the first sentence of paragraph 57, Defendants admit and further

8    aver that EPA promulgated a final rule entitled "Approval and Promulgation of State

9    Implementation Plans for Air Quality Planning Purposes; California–South Coast and Coachella"

10   at 70 Fed. Reg. 69,081 (November 14, 2005); that final rule is the best evidence of its contents

11   and therefore no further response is required.  With respect to the second sentence, Defendants

12   aver that EPA has taken no action on the 2003 South Coast SIP pursuant to section 110(k) of the

13   CAA, 42 U.S.C. § 7410(k), other than the action promulgated at 70 Fed. Reg. 69,081.  The

14   remaining allegations in the second sentence of paragraph 57 consist of conclusions of law to

15   which no response is required.

16         58.    Paragraph 58 consists of conclusions of law to which no response is required.

17         59.    The first and third sentences of paragraph 59 consist of conclusions of law to

18   which no response is required.  The second sentence consists of a citation to the United States

19   Code to which no response is required.

20                              PRAYER FOR RELIEF

21         Defendants deny that Plaintiffs are entitled to the relief they seek.

22

23                              Respectfully submitted,

24   Dated:    May 1, 2008          RONALD J. TENPAS
                                    Assistant Attorney General
25                                  Environment & Natural Resources Division

26                                   /s/ Rochelle L. Russell
                                    ROCHELLE L. RUSSELL
27                                  Trial Attorney,
                                    U.S. Department of Justice
28                                  Environmental Defense Section

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

P.O. Box 23986
Washington, D.C. 20026-3986
Tel:     (202) 514-1950
Email: rochelle.russell@usdoj.gov
*Counsel for Defendants*

1

**CERTIFICATE OF SERVICE**

2       I certify that on May 1, 2008, a true and correct copy of the foregoing **ANSWER** was

3   served electronically via the Court's e-filing system to Counsel of Record.

4

5                                              /s/ Rochelle L. Russell

6                                        ROCHELLE L. RUSSELL

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28