RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

ROCHELLE L. RUSSELL (CA Bar No. 244992)
Trial Attorney
U.S. Department of Justice
Environment & Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel:   (202) 514-1950
Fax:   (202) 514-8865
Email: rochelle.russell@usdoj.gov
*Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association, and NATURAL RESOURCES DEFENSE COUNCIL, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI, in his official capacity as Regional Administrator for Region IX of the United States Environmental Protection Agency,<br><br>Defendants. | No. CV 08-00227 SC<br><br>**JOINT MOTION TO ENTER CONSENT DECREE** |

Plaintiffs Association of Irritated Residents and the Natural Resources Defense Council, Inc. (collectively, "Plaintiffs") and Defendants United States Environmental Protection Agency; Stephen L. Johnson, in his official capacity as Administrator of the United States Environmental Protection Agency; and Wayne Nastri, in his official capacity as Administrator for Region IX of the United States Environmental Protection Agency (collectively, "EPA") hereby jointly move the Court to enter the Consent Decree that was lodged with the Court on June 30, 2008, based on the following:

1. On January 14, 2008, Plaintiffs filed the complaint against EPA in the above-captioned matter, alleging that EPA has failed to undertake certain nondiscretionary duties under section 304(a)(2) of the Clean Air Act, 42 U.S.C. § 7604(a)(2);

2. The parties negotiated a Consent Decree that resolves all of the claims in Plaintiffs' complaint except as to the issues of costs of litigation and attorneys' fees. The Consent Decree provides that it could not be finalized and entered by the Court until EPA had complied with the requirements for public notice and comment established by section 113(g) of the Clean Air Act, 42 U.S.C. § 7413(g).

3. On June 30, 2008, EPA filed a notice lodging the Consent Decree with the Court and began the process required by section 113(g) of the Clean Air Act. This process has now been completed. EPA has reviewed the public comments, and no adverse comments were received. EPA has therefore decided not to withhold its consent to the Consent Decree as authorized by section 113(g) of the Act. The Department of Justice concurs in EPA's conclusion that consent to the Consent Decree should not be withheld.

4. The parties now jointly move the Court to enter the Consent Decree attached to this motion as the judgment of the Court by signing the Consent Decree.

Respectfully submitted,

**COUNSEL FOR PLAINTIFFS:**

Dated: September 2, 2008         /s/ Brent Newell
                                 BRENT NEWELL
                                 SOFIA L. SARABIA
                                 Center On Race, Poverty & the Environment
                                 47 Kearney Street, Suite 804
                                 San Francisco, CA 94108
                                 Phone: (415) 346-4179

Joint Motion to Enter Consent Decree                                  No. CV 08-00227 SC

|   |   |
|---|---|
|   | Email: bnewell@crpe-ej.org<br>*Counsel for Plaintiff Association of Irritated Residents* |
| Dated:  September 2, 2008 | /s/ Adriano Martinez<br>ADRIANO MARTINEZ<br>Natural Resources Defense Council<br>1314 Second Street<br>Santa Monica, CA 90401<br>Phone: (310) 434-2300<br>Email: amartinez@nrdc.org<br>*Counsel for Plaintiff Natural Resources Defense Council* |

**COUNSEL FOR DEFENDANTS:**

|   |   |
|---|---|
| Dated:  September 2, 2008 | RONALD J. TENPAS<br>Assistant Attorney General<br>Environment & Natural Resources Division<br><br>/s/ Rochelle L. Russell<br>ROCHELLE L. RUSSELL<br>Trial Attorney<br>U.S. Department of Justice<br>Environmental Defense Section<br>P.O. Box 23986<br>Washington, D.C. 20026-3986<br>Tel:    (202) 514-1950<br>Email: rochelle.russell@usdoj.gov<br>*Counsel for Defendants* |

**CERTIFICATE OF SERVICE**

I certify that on September 2, 2008, a true and correct copy of the foregoing **JOINT MOTION TO ENTER CONSENT DECREE** was served electronically via the Court's e-filing system to Counsel of Record.

/s/ Rochelle L. Russell
ROCHELLE L. RUSSELL

1  RONALD J. TENPAS
   Assistant Attorney General
2  Environment & Natural Resources Division

3  ROCHELLE L. RUSSELL (CA Bar No. 244992)
   Trial Attorney
4  U.S. Department of Justice
   Environment & Natural Resources Division
5  Environmental Defense Section
   P.O. Box 23986
6  Washington, D.C. 20026-3986
   Tel:    (202) 514-1950
7  Fax:    (202) 514-8865
   Email: rochelle.russell@usdoj.gov
8  *Counsel for Defendants*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ASSOCIATION OF IRRITATED RESIDENTS, an unincorporated association, and NATURAL RESOURCES DEFENSE COUNCIL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, STEPHEN L. JOHNSON, in his official capacity as Administrator of the United States Environmental Protection Agency, and WAYNE NASTRI, in his official capacity as Regional Administrator for Region IX of the United States Environmental Protection Agency, <br><br> Defendants. | No. CV 08-00227 SC <br><br> **CONSENT DECREE** |

CONSENT DECREE                                                                 No. CV 08-00227 SC

1    WHEREAS, the Association of Irritated Residents and the Natural Resources Defense
Council, Inc., (collectively, "Plaintiffs") filed the complaint in the above-captioned matter
against the United States Environmental Protection Agency; Stephen L. Johnson, in his official
capacity as Administrator of the United States Environmental Protection Agency; and Wayne
Nastri, in his official capacity as Administrator for Region IX of the United States Environmental
Protection Agency (collectively, "EPA" or "Defendants"), pursuant to the citizen suit provision
in section 304(a)(2) of the Clean Air Act, 42 U.S.C. § 7604(a)(2);

   WHEREAS, Plaintiffs' complaint alleges that EPA has a nondiscretionary duty to act on
the following three state implementation plans ("SIPs") within the time lines set forth in section
110(k)(2) of the Clean Air Act, 42 U.S.C. § 7410(k)(2): (1) the 2003 State and Federal Strategy
for the California State Implementation Plan; (2) the 2004 San Joaquin Valley Extreme Ozone
Attainment Demonstration Plan ("2004 San Joaquin Valley SIP"); and (3) the 2003 Air Quality
Management Plan for the South Coast Air Quality Management District ("2003 South Coast
SIP");

   WHEREAS, Plaintiffs' complaint alleges that EPA has failed to act on the 2003 State and
Federal Strategy for the California State Implementation Plan, the 2004 San Joaquin Valley SIP,
and the 2003 South Coast SIP within the time lines set forth in section 110(k)(2) of the Clean Air
Act;

   WHEREAS, Plaintiffs seek an order from this Court directing EPA to take final action on
the 2003 State and Federal Strategy for the California State Implementation Plan, the 2004 San
Joaquin Valley SIP, and the 2003 South Coast SIP;

   WHEREAS, EPA considers the February 13, 2008 letter from the California Air
Resources Board ("CARB") staff (attached as Exhibit A) a withdrawal by the State of California
of specific elements of the 2003 State and Federal Strategy for the California State
Implementation Plan that relate to the South Coast Air Basin, leaving only those elements of the
2003 State and Federal Strategy for the California State Implementation Plan not withdrawn
(hereinafter, "2003 State SIP") for EPA action under section 110(k) of the Clean Air Act.
Plaintiffs question the validity of the withdrawals made in that letter and believe the action

exceeded the authority of CARB's Executive Officer and was not authorized by the Board;

WHEREAS, Plaintiffs and EPA (collectively, the "Parties") have agreed to a settlement of this action without admission of any issue of fact or law;

WHEREAS, EPA has stated that it intends to take final action on the 2003 State SIP, the 2004 San Joaquin Valley SIP, and the 2003 South Coast SIP before final action is taken on the State Strategy for California's 2007 State Implementation Plan, submitted on November 16, 2007, the 2007 San Joaquin Valley Ozone Plan, submitted on November 16, 2007, or the Final 2007 Air Quality Management Plan for the South Coast Air Basin and the Coachella Valley, submitted on November 28, 2007;

WHEREAS, the Parties, by entering into this Consent Decree, do not waive or limit any claim or defense, on any grounds, related to any final EPA action on the 2003 State SIP, the 2004 San Joaquin Valley SIP, and the 2003 South Coast SIP;

WHEREAS, the Parties consider this Consent Decree to be an adequate and equitable resolution of all of the claims in the above-captioned matter;

WHEREAS, it is in the interest of the public, the Parties, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the Parties agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in section 304(a)(2) of the Clean Air Act and that venue lies in the Northern District of California;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act, 42 U.S.C. §§ 7401-7671q;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the Parties, it is hereby ordered, adjudged and decreed that:

1. No later than October 15, 2008, EPA shall sign for publication in the Federal Register notices of the Agency's proposed actions on the 2003 State SIP, the 2004 San Joaquin Valley SIP, and the 2003 South Coast SIP pursuant to section 110(k) of the Clean Air Act. Once

1  signed, EPA shall deliver the notices to the Office of the Federal Register for publication.

2      2.    No later than January 15, 2009, EPA shall sign for publication in the Federal
3  Register notices of the Agency's final actions on the 2003 State SIP, the 2004 San Joaquin
4  Valley SIP, and the 2003 South Coast SIP pursuant to section 110(k) of the Clean Air Act.  Once
5  signed, EPA shall deliver the notices to the Office of the Federal Register for publication.

6      3.    EPA actions pursuant to section 110(k) of the Clean Air Act on any amendments
7  to the 2003 State SIP, the 2004 San Joaquin Valley SIP, and the 2003 South Coast SIP submitted
8  by the State of California, including the replacement of chapter 4 of the 2004 San Joaquin Valley
9  SIP submitted on March 6, 2006, shall satisfy the obligations under Paragraphs 1 and 2 as long as
10 EPA meets the deadlines specified in Paragraphs 1 and 2.  For purposes of this paragraph, the
11 State Strategy for California's 2007 State Implementation Plan, submitted to EPA on November
12 16, 2007, the 2007 San Joaquin Valley Ozone Plan, submitted to EPA on November 16, 2007,
13 and the Final 2007 Air Quality Management Plan for the South Coast Air Basin and the
14 Coachella Valley, submitted to EPA on November 28, 2007, are not considered amendments to
15 the 2003 State SIP, the 2004 San Joaquin Valley SIP, or the 2003 South Coast SIP.

16     4.    Should the State of California rescind its February 13, 2008 letter withdrawing
17 specific elements of the 2003 State and Federal Strategy for the California State Implementation
18 Plan that relate to the South Coast Air Basin by August 1, 2008, EPA shall act on the 2003 State
19 and Federal Strategy for the California State Implementation Plan in its entirety as it was
20 submitted on January 9, 2004, subject to the same terms and provisions in Paragraphs 1, 2, and 3
21 that relate to the 2003 State SIP.  If the State of California rescinds the February 13, 2008 letter
22 after August 1, 2008 but before EPA takes final action on the 2003 State SIP and the 2003 South
23 Coast SIP, within 30 days of EPA's receipt of such rescission and pursuant to Paragraph 6 below,
24 the parties will negotiate a revised schedule for EPA to act on the 2003 State and Federal
25 Strategy for the California State Implementation Plan and the 2003 South Coast SIP and file a
26 written stipulation extending the deadlines established in Paragraphs 1 and 2 that relate to the
27 2003 State SIP and 2003 South Coast SIP accordingly.

28     5.    When EPA's obligations under Paragraphs 1 and 2 have been completed, the

1  Parties will file a joint request to the Court to dismiss the above-captioned matter with prejudice.

2        6.      The Parties may extend the deadlines established in Paragraphs 1 and 2 by written
3  stipulation executed by counsel for the Parties and filed with the Court.  In addition, subject to
4  the terms in Paragraphs 10 and 11, any provision of this Consent Decree may be modified by the
5  Court upon motion by any party to this Consent Decree demonstrating that such modification is
6  consistent with the law and in the public interest, after consideration of any response by the non-
7  moving party.

8        7.      Nothing in this Consent Decree shall be construed to limit or modify the
9  discretion accorded EPA by the Clean Air Act and by general principles of administrative law,
10 including the discretion to alter, amend or revise any responses and/or final actions contemplated
11 by this Consent Decree.  EPA's obligation to perform the actions specified in Paragraphs 1 and 2
12 by the time specified therein does not constitute a limitation or modification of EPA's discretion
13 within the meaning of this paragraph.

14       8.      Nothing in this Consent Decree shall be construed to confer upon the district court
15 jurisdiction to review any decision to be made by EPA pursuant to this Consent Decree.  Nothing
16 in this Consent Decree shall be construed to confer upon the district court jurisdiction to review
17 any issues that are within the exclusive jurisdiction of the United States Courts of Appeals
18 pursuant to sections 307(b)(1) and 505 of the Clean Air Act, 42 U.S.C. §§ 7607(b)(1), 7661d.

19       9.      This Court shall retain jurisdiction to enforce the terms of this Consent Decree
20 and to consider any requests for costs of litigation, including attorneys' fees.

21       10.      In the event of a dispute between the Parties concerning the interpretation or
22 implementation of any aspect of this Consent Decree, the disputing party shall provide the other
23 Parties with a written notice outlining the nature of the dispute and requesting informal
24 negotiations.  If the Parties cannot reach an agreed-upon resolution within ten (10) business days
25 after receipt of the notice, any party may move the Court to resolve the dispute.

26       11.      No motion or other proceeding seeking to enforce this Consent Decree or for
27 contempt of Court shall be properly filed, unless the Plaintiffs have followed the procedure set
28 forth in Paragraph 10 and provided EPA with written notice received at least ten (10) business

1  days before the filing of such motion or proceeding.

2      12.    EPA agrees that, pursuant to section 304(d) of the Clean Air Act, 42 U.S.C. §
3  7604(d), Plaintiffs are both eligible and entitled to recover their costs of litigation in this action,
4  including reasonable attorneys' fees, incurred prior to entry of this Consent Decree.  The deadline
5  for filing a bill of costs pursuant to local rule 54-1 and a motion for costs of litigation, including
6  reasonable attorneys' fees, pursuant to local rule 54-6 for activities performed in this case prior to
7  entry of this Consent Decree is hereby extended until 60 days after the date on which the Court
8  enters this Consent Decree.  During this time the parties shall seek to resolve informally any
9  claim for costs of litigation, including reasonable attorneys' fees.

10      13.    Plaintiffs reserve the right to seek recovery of costs of litigation, including
11  reasonable attorneys' fees, consistent with section 304(d) of the Clean Air Act, for activities to
12  enforce this Consent Decree.  EPA reserves the right to oppose any such request for costs of
13  litigation.  The Court shall retain jurisdiction to resolve any such request notwithstanding any
14  dismissal pursuant to Paragraph 5.

15      14.    The obligations imposed upon EPA under this Consent Decree may only be
16  undertaken using appropriated funds.  No provisions of this Consent Decree shall be interpreted
17  as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of
18  the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal law.

19      15.    Plaintiffs and EPA shall not challenge the terms of this Consent Decree or this
20  Court's jurisdiction to enter this Consent Decree.

21      16.    The Parties agree and acknowledge that before this Consent Decree is entered by
22  the Court, EPA must provide notice of this Consent Decree in the Federal Register and an
23  opportunity for public comment pursuant to section 113(g) of the Clean Air Act, 42 U.S.C. §
24  7413(g).  After this Consent Decree has undergone notice and comment, the Administrator
25  and/or the Attorney General, as appropriate, shall promptly consider any such written comments
26  in determining whether to withdraw or withhold their consent to the Consent Decree, in
27  accordance with section 113(g) of the Clean Air Act.  Once the Administrator and/or the
28  Attorney General elect whether or not to withdraw or withhold their consent to this Consent

1  Decree, EPA shall provide written notice of that election to the Plaintiffs as expeditiously as

2  possible.  If the Administrator and/or the Attorney General do not elect to withdraw or withhold

3  their consent, EPA shall promptly file a motion that requests the Court to enter this Consent

4  Decree.

5      17.    Any notices required or provided for by this Consent Decree shall be made in

6  writing, via facsimile or other means, and sent to the following:

        For Plaintiffs:

        Brent Newell
        Center On Race, Poverty & the Environment
        47 Kearney Street, Suite 804
        San Francisco, CA 94108
        Phone: (415) 346-4179
        Fax: (415) 346-8723
        Email: bjnewell@igc.org

        Adriano Martinez
        Natural Resources Defense Council
        1314 Second Street
        Phone: (310) 434-2300
        Fax: (310) 434-2399
        Email: amartinez@nrdc.org

        For Defendants:

        Rochelle L. Russell
        U.S. Department of Justice
        Environment & Natural Resources Division
        Environmental Defense Section
        P.O. Box 23986
        Washington, DC 20026-3986
        Phone: (202) 514-1950
        Fax: (202) 514-8865
        Email: rochelle.russell@usdoj.gov

        Jan Tierney
        Office of General Counsel
        U.S. Environmental Protection Agency
        Ariel Rios Bldg., MC 2344A
        1200 Pennsylvania Ave., N.W.
        Washington, DC 20460
        Phone: (202) 564-5598
        Fax: (202) 564-5603
        Email: tierney.jan@epa.gov

        Jan Taradash
        Jefferson Wehling
        Office of Regional Counsel
        U.S. Environmental Protection Agency
        75 Hawthorne Street, ORC-2

```
                    San Francisco, CA 94105
                    Phone: (415) 972-3907; (415) 972-3901
                    Fax: (415) 947-3570
                    Email: taradash.jan@epa.gov; wehling.jefferson@epa.gov
```

18. The undersigned representatives of each Party certify that they are fully authorized by the Party that they represent to bind that Party to the terms of this Consent Decree.

**IT IS SO ORDERED.**

Dated: _____       _____
                               JUDGE SAMUEL CONTI
                               U.S. District Court Judge

**COUNSEL FOR PLAINTIFFS:**

Dated: June 30, 2008           /s/ Sofia L. Sarabia
                               SOFIA L. SARABIA
                               BRENT NEWELL
                               Center On Race, Poverty & the Environment
                               47 Kearney Street, Suite 804
                               San Francisco, CA 94108
                               Phone: (415) 346-4179
                               Email: ssarabia@crpe-ej.org
                               Email: bjnewell@igc.org
                               *Counsel for Plaintiff Association of Irritated Residents*

Dated: June 30, 2008           /s/ Adriano Martinez
                               ADRIANO MARTINEZ
                               Natural Resources Defense Council
                               1314 Second Street
                               Santa Monica, CA 90401
                               Phone: (310) 434-2300
                               Email: amartinez@nrdc.org
                               *Counsel for Plaintiff Natural Resources Defense Council*

**COUNSEL FOR DEFENDANTS:**

Dated: June 30, 2008           RONALD J. TENPAS
                               Assistant Attorney General
                               Environment & Natural Resources Division

                               /s/ Rochelle L. Russell
                               ROCHELLE L. RUSSELL
                               Trial Attorney
                               U.S. Department of Justice
                               Environmental Defense Section

1
2
3   P.O. Box 23986
    Washington, D.C. 20026-3986
    Tel:    (202) 514-1950
    Email: rochelle.russell@usdoj.gov
    *Counsel for Defendants*

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CONSENT DECREE                                              No. CV 08-00227 SC
- 8 -

**EXHIBIT A**

Case 3:08-cv-00227-SC    Document 18-2    Filed 09/02/2008    Page 10 of 15




Linda S. Adams
*Secretary for
Environmental Protection*

# Air Resources Board

Mary D. Nichols, Chairman
1001 I Street • P.O. Box 2815
Sacramento, California 95812 • www.arb.ca.gov

Arnold Schwarzenegger
*Governor*

February 13, 2008

Mr. Wayne Nastri
Regional Administrator
Region 9
U.S. Environmental Protection Agency
75 Hawthorne Street
San Francisco, California 94105

Dear Mr. Nastri:

I am writing to ask that the U.S. Environmental Protection Agency (U.S. EPA) approve as quickly as possible the Air Resources Board's (ARB) 2007 State Strategy. The 2007 State Strategy with its aggressive measures to clean up diesel trucks and equipment is the key to meeting federal air quality standards in the South Coast and San Joaquin Valley. Approval by U.S. EPA is the last critical step in the current round of clean air planning.

ARB's 2007 State Strategy for the California State Implementation Plan (SIP) is the most aggressive plan in the nation. Approval by U.S. EPA of ARB's 2007 State Strategy, along with approval of the local SIP element adopted by the South Coast Air Quality Management District, will complete the transition to the more health-protective 8-hour ozone air quality standard that U.S. EPA has adopted to replace the old, less-protective, 1-hour ozone standard. The 2007 State Strategy incorporates all the actions to date that California has taken to meet the now revoked 1-hour ozone standard. But it goes well beyond those actions to secure the emissions reductions needed to meet the more health-protective 8-hour standard. Since the 2007 State Strategy replaces the outdated State Strategy submitted by ARB in 2003, ARB is withdrawing the outdated elements of the 2003 State Strategy that were submitted as part of the 2003 SIP for the South Coast.

California has made tremendous air quality progress over the last nearly 20 years. Since the 1-hour SIP was first put into place in the early 1990s, we have reduced smog-forming emissions in the South Coast by over 50 percent. That progress has paid off in reduced ozone levels. In the mid-1990s, South Coast ozone levels were over 100 percent above the federal standard. Today they have dropped to about 25 percent above the standard. Going forward, with the measures in the 2007 State Strategy,

*The energy challenge facing California is real. Every Californian needs to take immediate action to reduce energy consumption.
For a list of simple ways you can reduce demand and cut your energy costs, see our website: http://www.arb.ca.gov.*

California Environmental Protection Agency

*Printed on Recycled Paper*

Mr. Wayne Nastri
February 13, 2008
Page 2

California will double the rate of reductions of oxides of nitrogen compared to what we have accomplished before.

Because U.S. EPA has revoked the 1-hour ozone standard and ARB has already completed most of the rulemaking outlined in the 2003 State Strategy, the 2003 State Strategy is outdated. There is one critical measure in the 2003 State Strategy not yet completed: a rule to accelerate the cleanup of private diesel truck fleets. That measure—in the much stronger form needed to meet the 8-hour standard—is part of the 2007 State Strategy, and ARB staff is currently holding workshops on a draft rule. Having U.S. EPA act on the outdated SIP for the South Coast Air Basin serves no purpose and withdrawing the old 1-hour SIP will allow ARB and U.S. EPA to focus on moving forward with the 8-hour plans.

Thank you in advance for U.S. EPA's timely approval of the 2007 State Strategy. I have included a detailed description of the elements of the 2003 State Strategy that ARB is withdrawing to aid U.S. EPA's action. If you have any questions, please call me at (916) 445-4383, or your staff can call Ms. Lynn Terry, Deputy Executive Officer, at (916) 322-2739.

Sincerely,

James N. Goldstene
Executive Officer

Enclosure

cc: Dr. Barry Wallerstein
Executive Officer
South Coast Air Quality Management District
21865 Copley Drive
Diamond Bar, California 91765

Mr. Hasan Ikhrata
Executive Director
Southern California Association of Governments
818 W. Seventh Street, 12th Floor
Los Angeles, California 90017

Mr. Wayne Nastri
February 13, 2008
Page 3

Dr. Deborah Jordan, Director
Air Division, Region 9
U.S. Environmental Protection Agency
75 Hawthorne Street
San Francisco, California 94105

Ms. Lynn Terry, EO

## California Air Resources Board
## Elements withdrawn from 2003 Submittal to U.S. EPA of the California South Coast Air Quality

ARB is withdrawing the outdated elements of the 2003 State Strategy that were submitted as part of the 2003 State Implementation Plan for the South Coast Air Basin. The 2003 State Strategy was never acted on by the U.S. Environmental Protection Agency (U.S. EPA). Because U.S. EPA has revoked the 1-hour ozone standard and ARB has already completed most of the rulemaking outlined in the 2003 State Strategy, the 2003 State Strategy is outdated and now replaced by ARB's 2007 State Strategy. The specific elements to be withdrawn are outlined below.

ARB is not withdrawing the emission reduction commitment of the 2003 State Strategy as it applies to the San Joaquin Valley Air Basin. Different from the South Coast's situation, the San Joaquin Valley's 2004 Ozone SIP was required by the Clean Air Act and must remain in place.

1. <u>Additional Measure</u> – ARB is withdrawing the Additional Measure for the South Coast Air Basin specified in ARB Board Resolution 03-22 and it's Attachment A-6, Table I-7 and ARB Board Resolution 03-23. The measure would achieve further emission reductions from on-road and off-road mobile sources and consumer products with ARB board action occurring between 2005 and 2008 and implementation beginning between 2006 and 2010. The expected emission reductions from this measure were 97 tons of reactive organic gases (ROG) and nitrous oxides (NOx) combined in 2010 in the South Coast.

2. <u>Long-Term Strategy</u> – ARB is withdrawing the Long-Term Strategy measure for the South Coast Air Basin specified in ARB Board Resolution 03-22 and it's Attachment A-6, Table I-7 and ARB Board Resolution 03-23. In this measure, ARB would lead a multi-agency effort (State, Federal and local) and public process beginning in 2004 to identify and adopt Long-Term Measures, including up to 66 tons per day of ROG and NOx reductions contingent on authority and funding. The expected emission reductions from this measure were 118-223 tons per day of ROG and 0-159 tons per day of NOx in 2010 in the South Coast.

3. <u>Commitment to Reduce Emissions via Adoption Schedule</u> – ARB is withdrawing the Commitment to Reduce Emissions via Adoption Schedule for the South Coast Air Basin outlined in Section I.D.1, Table I-6 (shown below) of the 2003 State and Federal Strategy for the California State Implementation Plan and referred to in ARB Board Resolutions 03-22 and 03-23.

Proposed State Annual Adoption Commitments for Near-Term Measures
2003 South Coast SIP
(emission reductions in tons per day in 2010, summer planning inventory)

|     | 2003 | 2004 | 2005 | 2006 | Total State Reductions from Near-Term Measures |
|-----|------|------|------|------|------------------------------------------------|
| ROG | 10   | 4    | 21   | 14   | 49                                             |
| NOx | 11   | 5    | 21   | 0    | 37                                             |

4. **Specific Defined State Measures** – ARB is withdrawing the following Defined State Measures for the South Coast Air Basin outlined in the 2003 State and Federal Strategy for the California State Implementation Plan and ARB Board Resolution 03-22, Attachment A-6, Table I-7 and ARB Board Resolution 03-23.

| Strategy | Strategy Name | Final ARB Board Action Date | Implementation Date | Expected Reductions (tons per day in South Coast in 2010) | |
|---|---|---|---|---|---|
| | | | | ROG | NOx |
| ON-RD-HVY-DUTY2 | Capture and Control Vapors from Gasoline Cargo Tankers | 2005 | 2006-2007 | 4-5 | 0 |
| OFF-RD-CI-2 | Implement Registration and Inspection Program for Existing Heavy-Duty Off-Road Equipment Fleet (Compression Ignition Engines) | 2006-2009 | 2010 | NQ | NQ |
| FUEL-1 | Set Additive Standards for Diesel Fuel to Control Engine Deposits | 2006-2009 | 2006-2010 | NQ | NQ |
| FVR-3 | Reduce Fuel Permeation Through Gasoline Dispenser Hoses | 2004 | 2007 | 0-0.7 | 0 |

The strategy to capture and control vapors from gasoline cargo tankers (ON-RD-HVY-DUTY2) and the strategy to reduce fuel permeation through gasoline dispenser hoses (FVR-3) are superseded by a general zero fugitive emissions approach in the 2007 State Strategy.

ARB adopted an off-road diesel equipment rule in 2007 that is more sophisticated than the strategy proposed in 2003 to implement a registration and inspection program for the existing heavy-duty off-road equipment fleet that was (OFF-RD-CI-2).

The potential to achieve emissions benefits from the strategy to set additive standards for diesel fuel to control engine deposits (FUEL-1) was unclear and the measure did not include projected emissions reductions.